Lela Mae **HANEY**, on behalf of her infant children, Jackie L. Haney, Peggy L. Haney, Jerry M. Haney, and Herbert L. Haney; Bobbie Jean Haney, on behalf of her infant children, Barbara K. Haney, Patricia G. Haney, Thurman Haney, Jr., Less Eugene Haney, and Sherry Ann Haney; Thelma Bell, on behalf of her infant children, Crystle Bell, Bonnie Bell, Augle Bell, Felix R. Bell, Billy R. Bell, Steven R. Bell, and Theo Bell; Myrtle Murphy, on behalf of her infant children, Shelba Murphy and Joseph P. Murphy, and Jessie C. Nelson, on behalf of her infant child, Cleveland Nelson, Plaintiffs,

v.

**COUNTY BOARD OF EDUCATION OF SEVIER COUNTY, H. Quinton White, County Supervisor of Education of Sevier County; Lockesburg School District No. 16; and Sevier County School District No. 1, Defendants.**

Civ. A. No. 1050.

United States District Court
W. D. Arkansas,
Texarkana Division.

June 7, 1968.

Norman J. Chachkin and John W. Walker, Little Rock, Ark., for plaintiffs.

John B. Hainen, De Queen, Ark., for County Board of Education of Sevier County, H. Quinton White, County Supervisor of Education of Sevier County and Sevier County School District No. 1.

Boyd Tackett (Shaver, Tackett & Jones), Texarkana, Ark., for Lockesburg School District No. 16.

## OPINION

WILLIAMS, District Judge.

On October 2, 1967, Civil Action No. 1050, Texarkana Division was commenced by the named plaintiffs against the County Board of Education of Sevier County, Arkansas, H. Quinton White, County Supervisor of Education of Sevier County, Lockesburg School District No. 16 and Sevier County School District No. 1 in which the named plaintiffs prayed that the defendants be enjoined from maintaining or operating a racially segregated system of public education in Sevier County, Arkansas, from maintaining dual attendance zones for Negro and white students within the geographic area presently covered by Lockesburg School District No. 16 and Sevier County School District No. 1 to require the named defendants to merge the Sevier County School District No. 1 and the Lockesburg School District No. 16, to reorganize the merged school systems on a non-racial basis and to operate the same on a non-racial basis and for their costs and reasonable attorneys' fees.

On October 30, 1967, the defendant, H. Quinton White, County Supervisor of Education of Sevier County, Arkansas, filed a motion to dismiss Civil Action No. 1050 as a class action for the reason that the plaintiffs do not represent a class. On the same day H. Quinton White filed a separate answer, praying that the complaint be denied as being without merit.

On the same day, October 30, 1967, Sevier County School District No. 1 filed its answer alleging that in the opinion of its School Board the facilities

and scholastic training offered by the Sevier County School District were and are in many respects superior to that of other school districts in the county, and prayed that the complaint of plaintiffs be denied as without merit.

On the same day, October 30, 1967, the separate answer of the County Board of Education of Sevier County, Arkansas, was filed in which it prayed that the complaint of plaintiffs be denied as without merit.

On November 30, 1967 the separate answer of Lockesburg School District No. 16 was filed. It prayed that the complaint of the plaintiffs be dismissed.

On March 25, 1968 plaintiff filed Request for Admission of Facts. The answer of the defendants to such requests, filed April 3, 1968, revealed among other things that no white students were currently attending school in Sevier School District No. 1 and that no Negro students were currently attending school in Lockesburg School District No. 16.

On April 18, 1968, the case was tried before the Court without a jury, pursuant to Fed.R.Civ.P. Rule 39(b). Only one plaintiff appeared in person. She was represented by Mr. Norman J. Chachkin. The defendant, County Board of Education of Sevier County, the defendant H. Quinton White, County Supervisor of Education of Sevier County, and Sevier County School District No. 1 appeared by its attorney, Mr. John B. Hainen and the defendant, Lockesburg School District No. 16, appeared by its attorney, Mr. Boyd Tackett. Oral testimony of witnesses was taken, and several exhibts showing the geographic limits of school districts in Sevier County, Arkansas were introduced in evidence.

In addition to the maps showing the geographic area of the various school districts in Sevier County, Arkansas, evidence was given by G. P. Bolding, a retired County School Supervisor of Sevier County, by Robert Bishop, the present Superintendent of Schools of the Lockesburg School District, by H. Quinton White, the present County Supervisor of Education of Sevier County, by Lela Mae Haney, the only plaintiff to testify, by Garfield Richardson, a Negro resident of Sevier School District, by Mervin Bell, Secretary of the Sevier County School Board and by A. W. Williamson, a Negro school executive of Sevier County School District. It was stipulated between the parties that a considerable number of Negro patrons and all of the school board members of the Sevier County School District No. 1 were actually present in court, and that each of them would have testified to the same effect as Mervin Bell, the School Board Secretary. The testimony is condensed as follows:

G. P. BOLDING. The presently retired County School Supervisor of Sevier County, who served from 1946 through 1959. When he took office in 1946 there were 23 school districts in Sevier County and segregation of schools was the established policy; that by Initiated Act No. 1 of 1948, school districts with less than 350 enumerated children were required to consolidate with other districts. The County Board had no fixed policy other than to pass on petitions filed before it and to maintain the districts according to the will and majority vote of the people within the school district involved. All factors which in the Board's opinion had any relation to the maintenance of a good school system were given due consideration. Proximity and geographic location were considered, but were not the sole governing factors.

ROBERT BISHOP. The present School Superintendent of Lockesburg School District No. 16, has served as a School Superintendent for more than 28 years. He has personal knowledge and has compared the Lockesburg School District and the Sevier County School District, both as to physical plants, school facilities, teachers' qualifications, and other factors that have to do with the quality of a school under existing Arkansas law. In his opinion the Lockesburg School District's and the Sevier County School District's physical facilities are at least equal. Sevier County

School District No. 1 pays its teachers at a higher rate than Lockesburg School District is able to pay. Sevier County School District accepts all pupils regardless of color, and while its pupils are almost totally Negro children, it has had two white children who lived in the district and attended its school. Sevier County School District has indicated that it would and will accept any pupil who requests a transfer to it; while on the other hand the Lockesburg School District does not accept or grant transfers as a school policy.

H. QUINTON WHITE. The present County Supervisor of Sevier County has been serving as such since G. P. Bolding retired in 1959. As School Supervisor he is ex-officio Superintendent of Sevier County School District No. 1, which enumerates less than 350 pupils. He has intimate knowledge of the conditions and facilities of both Sevier School District No. 1 and the Lockesburg School District No. 16, and in his opinion the physical facilities of the Sevier County School District No. 1 are at least equal to those of Lockesburg School District. He considers the teachers of Sevier County School District to have better scholastic background and knows each to be paid at a higher rate than teachers in the Lockesburg School District.

EXHIBITS. Mr. Chachkin, the attorney for the plaintiffs, introduced exhibits including a map showing various school districts in Sevier County, and called attention to the fact that Sevier County School District No. 1 was composed of two areas which are not contiguous.

STIPULATION. It was stipulated that Sevier County School District No. 1 had a $9,000.00 bonded indebtedness while Lockesburg School District No. 16 had a $90,000.00 indebtedness. It was stipulated that Lockesburg School District No. 16 held an election and voted in favor of consolidation with Sevier County School District No. 1, but that Sevier County School District No. 1 had not seen fit to hold an election and intimated that the patrons of the district were overwhelmingly against consolidation.

LELA MAE HANEY. Mrs. Haney, a Negro plaintiff, was the only witness to testify for the plaintiffs. She has five children, four of whom attend school at Sevier County School District No. 1, whose ages are 13, 12, 10 and 8. The geographic limits of the school district were established several years before she moved into the district and she and her husband purchased a movable house and moved it and themselves into the district. Mrs. Haney involved herself in a dispute with A. W. Williamson, the Negro principal of Sevier County School District No. 1, when he would not permit her underage child to stay at the school house while she worked in an adjoining town, and because he would not permit her to take one of her school age children out of school to baby-sit with her underage child. Mrs. Haney said she considered any Negro school to be inferior, but referred to no particular thing by which the Sevier County School District No. 1 was inferior to the Lockesburg School District No. 16. She has made no application for a transfer to another district for any of her children; she has filed no petition to initiate an election for the purpose of consolidating Sevier County School District No. 1 with any other district. She recognizes that she is probably the only patron in the district who is dissatisfied with the school as now operated.

GARFIELD RICHARDSON. A Negro resident of Sevier County School District, 88 years of age. He appeared to be energetic enough considering his age but is forgetful and senile. After he had testified positively that his land was put in the Sevier County School District against his will and that he did not sign anything asking that his land be included in the district, Mr. Chachkin, the attorney for the plaintiffs, inspected the original petition bearing Richardson's signature and stipulated that because of senility the witness was mistaken about his testimony.

MERVIN BELL. Negro Secretary of the board of Sevier County School District No. 1. He considers himself familiar with the attitude of the Negro residents of Sevier County School District No. 1 and almost all of them want to maintain the present school as it is. In his opinion Mrs. Haney is mistaken in her opinion that the Sevier County School District No. 1 is inferior to Lockesburg School District No. 16. He admitted that several of his relatives were on the teaching staff and that he was kin to a large number of the Negro people residing in Sevier County School District No. 1. He refused to admit that the school was inferior because the school board members were Negroes, its teachers were Negroes and its pupils were Negroes.

A. W. WILLIAMSON. He is a Negro and has been a school executive for over 39 years, he has a M.A. degree in school administration, with 14 hours above the M.A. degree. He is the school executive or principal under the County Superintendent of Education. He has worked with the school board of Sevier County School District No. 1 for years, and he stated positively there was and is no discrimination in the district because of race. The district has refused a transfer to no one; it has had two white students in the school and has never refused to accept a pupil who transferred to their school. The elementary branch of the Sevier School District No.1 school has a "C" rating under Arkansas law. The library facilities of the school qualify for North Central Association membership accreditation. He seemed to be a competent educator, well trained, and proud of the fact that the district, of which he is administrator, pays higher teacher salaries than the adjoining school district; and in his opinion it has better physical school facilities than the adjoining school district. He was not willing to say that a school with all Negro personnel was better or worse than others. He was gratified that Sevier County School District No. 1 was doing an efficient job in meeting the needs of the

Negro community. He refused to comment unfavorably on any other district in Sevier County.

FURTHER STIPULATION. It was further stipulated between the parties that there were present in the courtroom and prepared to testify, Negro patrons and School Board members of Sevier County School District No. 1, each of whom would have testified to the same effect as did the Secretary of the board, Mervin Bell.

Finally, it was stipulated that Mrs. Haney had not asked for a transfer of any of her children to any other district, and that she had not circulated or filed a petition for consolidation of Sevier County School District No. 1 with any other School District.

None of these witnesses wanted their district consolidated, and each considered the school in Sevier County School District No. 1 to be equal to or better than the school in Lockesburg School District No. 16.

The Court finds that Sevier County School District No. 1 was created as the result of Initiated Act No. 1 of 1948, (Ark.Stats.Ann. §§ 80–426 to –429 (Repl. 1960)). At the present time patrons, students, school board members and school teachers are all Negro. In the past it has had two white pupils and is willing to accept any pupil, white or Negro who lives within the attendance zone which is the geographic limits of the district. Its financial condition is good, its teachers and administrators are well trained, its school is well administered and its bonded indebtedness is only $9,000.00. It spends more money per child and each teacher has fewer pupils to teach than in Lockesburg School District No. 16. Its school physical facilities are as good as any school facilities in the county. Lockesburg School District No. 16 adjoins it geographically and is an average school with the average facilities of other school districts in the State of Arkansas. Lockesburg District No. 16 does not grant or accept transfers; Lockesburg School District No. 16's bonded indebtedness is $90,-

000.00. An election was held in the Lockesburg School District No. 16 and its voters favored consolidation with Sevier County School District No. 1, but the patrons of Sevier County School District No. 1 apparently were not favorable to consolidation as no election was held with respect to the question, and except for Lela Mae Haney the testimony of every patron in this case was to that effect. The questions presented are whether the Constitution and laws of the United States are being violated by any of the defendants, and whether Sevier County School District No. 1 should be required, against the will of its patrons, to consolidate with Lockesburg School District No. 16.

But first it must be determined whether this action can be maintained by this plaintiff.

▆ Fed.R. Civ.P. 23 applies to class actions. In the case at bar it has developed that only one person actually appeared and testified as a plaintiff. No order was made by the Court pursuant to Rule 23(c) (2), but it is apparent that had a hearing been held, all named plaintiffs except Mrs. Haney would have had their names stricken. It is also apparent that the subject matter of this action is such that Mrs. Haney is entitled to be heard regardless of the fact that no other patron of the district is displeased. Since the decisions of the United States Supreme Court in Brown v. Board of Education I and II, 347 U.S. ·483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) and 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955), the law is settled that no school district is entitled to operate a segregated school, and though this is not a class action, it should be determined with respect to the complaint only of the plaintiff Lela Mae Haney whether the law as announced in the *Brown* cases is being followed.

Bearing in mind that the complaint is against the two school districts and the county school supervisor and that the school operation in all of Sevier County conforms to the Constitution and statutory laws of the State of Arkansas, we finally come to the one question:

Is Sevier County School District No. 1 a segregated school?

The fact that it has equal or better physical facilities, teaching facilities, etc., and higher paid teachers who have better scholastic backgrounds and qualifications is no longer enough. Separate but equal was the doctrine and law under Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896). It is not the law under Brown v. Board of Education, I and II, 347 U.S. 483, 74 S.Ct. 686 (1954), and 349 U.S. 294, 75 S.Ct. 753 (1955) and subsequent cases following the Brown decisions.

There is no United States constitutional requirement that any state of the Union maintain a public school system and there is no United States public school system.

▆ Arkansas or any other state of the Union can set up and maintain a public school system, or can refuse to set up or maintain a public school system, or even abolish an existing state public school system within its boundaries, but if a state elects to and does set up a public school system, it must do so in a manner that does not conflict with the United States Constitution as interpreted by the U. S. Courts and at the present time a segregated school is absolutely prohibited. Since there is nothing in the U. S. Constitution directing the establishment and/or maintenance of a public school system, the states have no positive guides to follow in establishing, financing and maintaining public school systems. Each state is left to its own ingenuity and there is no positive guide for the exercise of constitutional and legislative ingenuity by a state and each state must find its own money, provide its own criteria, establish its own zones of attendance and build, administer and maintain its own school system.

But at the same time there are negative guides which the U. S. Supreme Court has pointed out in Brown I and II (and subsequent cases) and more re-

cently in the Gould case, (Raney, et al. v. Board of Education of the Gould School District, et al., decided May 27, 1968 and these negative guides are to the effect that a segregated school is in violation of the United States Constitution.

If there is court language in the disposition of cases involving public schools which appears to be legislative in nature, it must be borne in mind that the Court's function is in actuality a judicial function and is in furtherance of the enforcement of the negative guides contained in the United States Constitution as interpreted in the Court opinions.

The public school system of Arkansas is provided for by the Arkansas Constitution which provides:

"Article 14, § 1. Free School System. ——Intelligence and virtue being the safeguard of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free schools whereby all persons in the State between the ages of six and twenty-one years may receive gratuitous instructions."

Within this constitutional provision Arkansas has legislation under which public schools are maintained by school districts and all lands of the State are in a particular district and subject to taxation for the support of a particular public school. Each district constitutes a geographic attendance zone.

Since 1931 there has been only one kind of school district in Arkansas. Ark. Stats.Ann. § 80–401 (1947).

New school districts can be created and existing school districts can be dissolved. Territory can be taken from or added to a district. Ark.Stats.Ann. § 80–404 (1947).

But these changes can be made only on the consent of the majority of the electors in each school district affected— and lands comprising the district are not required to be contiguous. Ark.Stats. Ann. § 80–404 (1947). Indeed, the territory can be in more than one county. Ark.Stats.Ann. § 80–412 (1947).

Arkansas by Initiated Act No. 1 of 1948 (Ark.Stats.Ann. §§ 80–426 to –429 (Repl. 1960)) made provision for the creation of a new school district which would be comprised of the territory of all school districts in any county which has less than 350 enumerated school children on March 1, 1949 as reflected by the 1948 enumeration. Pursuant to this initiated measure, Sevier County School District No. 1 came into existence.

Regardless of the opinions of people who would either integrate or segregate schools and regardless of any opinions pro or con as to the district being created as a segregated school, it was actually created in 1949 pursuant to the Initiated Act. At that time its patrons, its students, its school board members and its teachers were all Negroes but it has had two white pupils and will accept any pupil, white or Negro, who lives in the district.

The Court finds that the financial condition of Sevier County School District No. 1 is good, its teachers and administrators are well trained, its school is well administered and its bonded indebtedness is only $9,000.00, the scholastic background of its teachers is higher than that of the average white teacher in the other districts of Sevier County and its teachers are higher paid, its school administrator has more and higher scholastic hours to his credit than the administrator in Lockesburg School District No. 16, the district spends more money per child on its pupils, each teacher has fewer students per teacher to teach and the district has the lowest bonded indebtedness of any district in the county.

The Court further notes that of the persons named as plaintiffs in this action, only one patron testified that she was displeased and wanted the district consolidated.

Sevier School District No. 1 was not created for the purpose of creating a segregated school. Under Initiated Act No. 1 of 1948 (Ark.Stats.Ann. §§ 80–426 to –429, (Repl. 1960)), this district was

required to become Sevier School District No. 1 because it did not enumerate 350 children of school age. Its purpose was the consolidation of smaller districts into larger districts and it accomplished that purpose.

The fact that Sevier School District No. 1 is made up of noncontiguous territory is readily explained. When Initiated Act No. 1 of 1948 (Ark.Stats. Ann. §§ 80–426 to –429 (Repl. 1960)), became the law in Arkansas that territory and those school districts then in existence in Sevier County with less than the required enumeration were by the terms of the Act transferred to and became Sevier County School District No. 1 with the county school supervisor as the chief administrative officer. In 1948, schools in Arkansas were segregated and in too many instances were not only separate but were not equal as was required by Plessy v. Ferguson, supra, but that is not true of the district here under attack.

There is no adequate proof in this case to show any gerrymandering to effect segregation. The district was created by the terms of an initiated Act which was a step forward in making the Arkansas State Public School System a better system of affording scholastic training to those pupils who attended public school either by choice or as a result of the Arkansas compulsory school attendance law.

Sevier School District No. 1 is a school district and an attendance zone. It is not a Negro school within a district which also maintains white schools. It has had two while children as pupils. It will accept any pupil who resides in the district regardless of color. It will accept transfers. Its school is not a separate school at all. It operates only the one school and its teaching facilities are offered and made available to any and all children in the district attendance zone. Furthermore, neither the patrons, administrators, teachers, county school administrators, nor this Court are willing to find that the school is inferior or segregated just because it has a Negro school board, a Negro faculty, all Negro

pupils, and does not choose to consolidate with Lockesburg School District No. 16.

So, factually, the result of our investigation is that the school maintained by Sevier School District No. 1 is not a separate school and is not an inferior school.

Next, let us consider the fact that the faculty is composed of all Negro teachers. Does that make the school in any manner an inferior or a segregated school?

Under Arkansas law the school directors are charged with the duty of employing teachers. Ark.Stats.Ann. § 80–509, 1947 is as follows:

"The board of school directors of each district in the State shall be charged with the following powers and perform the following duties: * * *."

"(d) Employ such teachers and other employees as may be necessary for the proper conduct of the public schools of the district, * * *."

The fact that the school board of Sevier School District No. 1 has discharged its statutory duty together with the fact that the elected school board members are all Negroes, in the absence of proof to the contrary, does not in any manner prove that the school is unequal, inferior or segregated. On the contrary, the evidence in this case shows that the teachers are above the average, have admirable scholastic qualifications and actually operate a good school and teach all pupils regardless of color.

█ There is no known law that requires the employment of white teachers or colored teachers.

The school directors, in their discretion and under the statutory law must employ the teachers they have available that will best serve the school.

There is no proof in this case except to the effect the directors have done a good job, have employed satisfactory teachers and are operating a good school.

█ No particular teacher, regardless of color or scholastic background, has a vested right to be employed by a certain school district to teach a certain group

of pupils. The directors must exercise a sound discretion. Doubtless, in some cases, astute directors will on occasion employ a teacher who has a less distinquished scholastic background and will make a choice between applicants with equal scholastic qualifications, but that merely demonstrates the wisdom of the legislative body when it placed discretion at a local level to make a selection of the teacher most desirable at the particular school, and that discretion, when not abused, should be sanctioned if the teacher be white, black, brown, red, yellow or any other color mixture, and this is not segregation. It is the selection of the most desirable teacher for a particular position. And if school directors fail to discharge their duties satisfactorily they answer to the electors at the polls. That is the American way and the way followed by the Arkansas Legislature in providing a public school system based on school districts.

█ The Court, therefore concludes that an all Negro faculty is not a violation of any law and does not make the school an inferior, unequal or segregated school—

since the school is not a separate school but is the one and only school maintained by the district and is the only school in the attendance zone of the district,

since the school district does not practice segregation as a policy,

since it has admitted all school children regardless of color and is still willing to do so,

since the school is not an unequal or inferior school, and

since an all Negro faculty, in the absence of proof to the contrary, is not proof of an inferior or segregated school.

THEREFORE, the Court concludes that Sevier County School District No. 1 is not a segregated school.

Although the finding of the Court that the Sevier County School District No. 1 school is not a segregated school effectually disposes of this case, we consider it worthy of note that under existing Arkansas Law the consolidation of these two particular school districts is prohibited unless and until the consent of the electors is procured through a properly held election.

Ark.Stats.Ann. § 80–420 (1947) is as follows:

"Consolidation or merger without consent of electors prohibited.—Hereafter no school district shall be consolidated with any other district or merged into a new district without the consent of its electors, such consent to be ascertained in a manner now provided by law. This act [section] shall apply whether or not the territory concerned in such consolidation or merger lies wholly within one [1] county or whether it is in different counties; Provided, this act shall not affect any suit with reference to consolidation, merger or formation of new school districts, where an appeal is now pending in any of the courts of this State. [Acts 1941 No. 279, § 1, p. 730.]"

Ark.Stats.Ann. § 80–423 (1947), requires that upon consolidation the consolidated district acquires all assets and assumes all debts of the district consolidated.

This assumption of debt alone might well be the determining factor why the Negro patrons of Sevier School District No. 1 do not desire or intend to be consolidated with Lockesburg. Sevier School District No. 1 only owes $9,000.00 in bonded indebtedness while Lockesburg School District No. 16 owes $90,000.00.

There are many other reasons why voters, United States citizens, would not and do not choose to consolidate with a particular school district.

The consolidation process is spelled out by the statutory law of the State of Arkansas.

Both Lockesburg School District No. 16 and Sevier School District No. 1 are valid, legally formed school districts.

The procedure for a voluntary consolidation has not been followed to fruition and Mrs. Haney has not even applied or

circulated a petition for an election in Sevier School District No. 1.

The Legislature of Arkansas never intended for the consolidation process to be such that one patron could force consolidation with a particular district against the will of the majority, and in this case there has not ever been an effort to secure an election.

The complaint of the plaintiffs is dismissed.